## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Mar 30 2017, 7:29 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Thomas C. Allen
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

George P. Sherman
Deputy Attorney General
Indianapolis, Indiana

IN THE

# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Dennis R. Freeman, Jr., <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | March 30, 2017 <br><br> Court of Appeals Case No. <br> 02A03-1606-CR-1386 <br><br> Appeal from the Allen Superior Court <br><br> The Honorable John F. Surbeck, Jr., Judge <br><br> Trial Court Cause No. <br> 02D06-1511-F5-329 |

**Pyle, Judge.**

# Statement of the Case

Dennis Freeman ("Freeman") appeals the sentence imposed following his convictions for Level 5 felony battery,[1] Level 6 felony criminal recklessness,[2] Level 6 felony intimidation,[3] and Class A misdemeanor resisting law enforcement.[4] He specifically contends that his seven-year aggregate sentence is inappropriate in light of the nature of the offenses and his character. Because we conclude that Freeman's sentence is not inappropriate, we affirm the judgment of the trial court.

We affirm.

# Issue

The sole issue for our review is whether Freeman's sentence is inappropriate.

# Facts

At approximately 6:30 p.m. on November 17, 2015, Fort Wayne Police Department Officer Richard Smith ("Officer Smith") was dispatched to victim Y.H.'s ("Y.H.") home. When Officer Smith arrived at the scene, Y.H. exited the house. She was naked from the waist up and covered in blood "like

---

[1] IND. CODE § 35-42-2-1.

[2] I.C. § 35-42-2-2.

[3] I.C. § 35-45-2-1.

[4] I.C. § 35-44.1-3-1.

someone had just poured a bucket of blood over the top of her head." (Tr. 159). She told the officer that Freeman, her boyfriend, had stabbed her in the head with a knife and run from the house.

[4] Later that evening, Fort Wayne Police Department officers found forty-year-old Freeman at a friend's house. When Freeman noticed the officers approaching the house, Freeman ran. One of the officers chased Freeman and yelled, "stop, police," several times. (Tr. 213). The officer eventually apprehended Freeman and noticed a strong odor of an alcoholic beverage on Freeman's breath. Freeman was also "extremely angry." (Tr. 214).

[5] Freeman was transported to the hospital for medical clearance because he had a laceration on the top of his head and appeared to be intoxicated. While he was at the hospital, Freeman yelled obscenities and kicked the walls. He also yelled that he would have a Mexican cartel kill the officers. At one point, Freeman looked directly at Fort Wayne Police Department Officer Tyler Clark ("Officer Clark") and read the officer's name and badge number. Freemen told Officer Clark, "[W]hen I get out of jail[,] I will find you on Google, I'll find out where you live, and I'll come to your house and kill you and your family." (Tr. 206).

[6] A jury convicted Freeman of Level 5 felony battery, Level 6 felony criminal recklessness, Level 6 felony intimidation, and Class A misdemeanor resisting law enforcement. Evidence at the sentencing hearing revealed that Freeman has a criminal history that spans over twenty years and includes nine

misdemeanor convictions and one felony conviction. Freeman has also had his probation revoked on more than one occasion.

[7] The trial court sentenced Freeman to five (5) years for the Level 5 felony battery conviction, two (2) years each for the Level 6 felony criminal recklessness and intimidation convictions, and one (1) year for the Class A misdemeanor resisting law enforcement conviction. The trial court then ordered the sentence for the Level 5 felony battery conviction to run concurrent to the sentence for the Level 6 felony criminal recklessness conviction and the sentence for the Level 6 felony intimidation conviction to run concurrent to the sentence for the Class A misdemeanor resisting law enforcement conviction. Lastly, the trial court ordered the sentence for the Level 5 battery conviction to run consecutively to the sentence for the Level 6 felony intimidation conviction, for an aggregate sentence of seven (7) years. Freeman now appeals his sentence.

## Decision

[8] Freeman's sole argument is that his seven-year aggregate sentence is inappropriate. Indiana Appellate Rule 7(B) provides that we may revise a sentence authorized by statute if, after due consideration of the trial court's decision, we find that the sentence is inappropriate in light of the nature of the offense and the character of the offender. The defendant bears the burden of persuading this Court that his sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006). Whether we regard a sentence as inappropriate turns on the "culpability of the defendant, the severity of the crime, the damage

done to others, and myriad other factors that come to light in a given case."
*Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008).

[9]     The Indiana Supreme Court has further explained that "[s]entencing is principally a discretionary function in which the trial court's judgment should receive considerable deference." *Cardwell v. State*, 895 N.E.2d 1219, 1222 (Ind. 2008). "Such deference should prevail unless overcome by compelling evidence portraying in a positive light the nature of the offense (such as accompanied by restraint, regard, and lack of brutality) and the defendant's character (such as substantial virtuous traits or persistent examples of good character." *Stephenson v. State*, 29 N.E.3d 111, 122 (Ind. 2015).

[10]    When determining whether a sentence is inappropriate, we acknowledge that the advisory sentence is the starting point the Legislature has selected as an appropriate sentence for the crime committed. *Childress*, 848 N.E.2d at 1081. Here, Freeman was convicted of one Level 5 felony, two Level 6 felonies, and one Class A misdemeanor. The sentencing range for a Level 5 felony is between one and six years, with an advisory sentence of three years. *See* I.C. § 35-50-2-6. The sentencing range for a Level 6 felony is between six months and two and one-half years, with an advisory sentence of one year. I.C. § 35-50-2-7. The sentence for a Class A misdemeanor is not more than one year.

[11]    Here, the trial court sentenced Freeman to five years for the Level 5 felony battery conviction, two years each for the Level 6 felony criminal recklessness and intimidation convictions, and one year for the Class A misdemeanor

resisting law enforcement conviction. The trial court ultimately imposed an aggregate sentence of seven years.

[12] With regard to the nature of the offenses, Freeman stabbed his girlfriend in the head with a knife and later ran from police officers. While in the hospital, Freeman yelled obscenities and kicked the walls. In addition, Freeman read an officer's name badge, threatened to look up the officer's address on Google, go to the officer's house, and kill the officer and his family. We agree with the State that "there is nothing positive to speak of concerning Freeman's offense. . . . Freeman's behavior on the day of the crimes was violent and destructive." (State's Br. 8).

[13] With regard to the nature of Freeman's character, he has a criminal history that spans over twenty years and includes nine misdemeanor convictions and one felony conviction. Specifically, Freeman has misdemeanor convictions for driving without a license, criminal mischief, criminal trespass, invasion of privacy, criminal recklessness, and disorderly conduct. His felony conviction was for battery, which is notably the same crime as one of his instant offenses. Freeman has also violated the conditions of probation on more than one occasion. His former contacts with the law have not caused him to reform himself. *See Jenkins v. State*, 909 N.E.2d 1080, 1086 (Ind. Ct. App. 2009), *trans. denied*.

[14] Freeman has failed to persuade this Court that his seven-year aggregate sentence for his convictions for Level 5 felony battery, Level 6 felony criminal

recklessness, Level 6 felony intimidation, and Class A misdemeanor resisting law enforcement is inappropriate.

[15]     Affirmed.

May, J., and Brown, J., concur.